IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ministry of Kings and Queens of Moorish National Ministry Trust,<br><br>Plaintiff,<br><br>v.<br><br>Bridgecrest Acceptance Corporation,<br><br>Defendant. | No. CV-25-01819-PHX-ESW<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

On May 27, 2025, Sherri Denienne Nixon ("Ms. Nixon") filed this action pro se on behalf of the Ministry of Kings and Queens of Moorish National Ministry Trust (the "Trust"), claiming authority to proceed as trustee. (Doc. 1.) The Complaint seeks damages related to an alleged vehicle lien dispute.

On July 30, 2025, the undersigned ordered the Trust to either retain an attorney or otherwise show why this case should not be dismissed. (Doc. 31.) On August 25, 2025, Ms. Nixon responded to the Order to Show Cause. (Doc. 33.) In her Response, Ms. Nixon argues that Federal Rule of Civil Procedure 17(a)(1)(E) permits trustees to proceed pro se. Ms. Nixon asserts that as Trustee, she holds "legal title to the property and rights of action belonging to the Trust" and "[a]ccordingly, [is] the real party in interest for the purposes of this litigation, and under Rule 17, [is] authorized to bring suit directly in [her] own

name." (*Id.* at 1.) Ms. Nixon further asserts that she is appearing in her "fiduciary capacity, sui juris, as Trustee, which is a distinct role from attorney representation." (*Id.*)

Because Defendant has not appeared or consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned submits this Report and Recommendation pursuant to General Order 21-25. For the reasons explained below, the undersigned recommends that the Court dismiss the Complaint (Doc. 1) without prejudice.

## I. DISCUSSION

The capacity of a trust to sue or be sued is governed by the law of the state where the federal court sits. Fed. R. Civ. P. 17(b)(3) (capacity to sue, for parties other than individuals or corporations, is determined by the law of the state where the court is located). Thus, because this Court sits in the State of Arizona, the law governing whether the Trust has the capacity to sue or be sued is governed by Arizona law. *Id.*; *Irwin Union Collateral Inc. v. Peters & Burris, LLC*, No. CV09-605-PHX-MHM, 2009 WL 5184902, at *3 (D. Ariz. Dec. 22, 2009) ("[S]ince the trust is neither an individual nor a corporation, the law governing whether the Sass Trust has the capacity to sue or be sued is governed by Arizona law, the state in which this Court sits."). "In general, a trust 'lack[s] the capacity to sue or be sued under Arizona law.'" *One Nation Irrevocable Tr. v. Das*, No. CV-22-01752-PHX-DWL, 2022 WL 11255654, at *1 (D. Ariz. Oct. 19, 2022) (quoting *Irwin Union*, 2009 WL 5184902 at *4); *see also* 76 Am. Jur. 2d Trusts § 601 ("At common law, a trust cannot sue or be sued because it is not a juristic person. In most jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property. Because a trust is not a legal entity, and does not have capacity, any suits involving the trust must be brought by or against the trustees."); *Matter of Book*, No. 1 CA-CV 18-0296, 2019 WL 2394259, at *2 (Ariz. Ct. App. June 6, 2019) ("Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought by or against its trustee."). "Thus, a common-law trust cannot sue in its own name—such a suit must be brought by its trustee." *Sonlight v. Staskiewicz*,

No. CV-22-02043-PHX-DWL, 2023 WL 1331310, at *1 (D. Ariz. Jan. 31, 2023). "By contrast to a common-law trust, some states allow a 'business trust' to sue and be sued in its own name." *McLeod v. Deutsche Bank Nat'l Tr. Co.*, No. 1 CA-CV 15-0504, 2017 WL 2189498, at *3 (Ariz. Ct. App. May 18, 2017). For instance, Ariz. Rev. Stat. Ann. § 10-1871 provides that:

> "Business trust" means an unincorporated association or trust of the type which at common law was known as a "business trust" or "Massachusetts trust", created by an instrument under which property is held and managed by trustees for the benefit and profit of such persons as are or may become the holders of transferable certificates evidencing beneficial interests in the trust estate.

Regardless of whether the Trust has the capacity to sue or be sued, it must be represented by counsel. *One Nation Irrevocable Tr.*, 2022 WL 11255654, at *2 (explaining that it was unclear whether the trust at issue was a traditional or "business trust," but "[e]ither way, however, it must be represented by counsel"). Further, "[a] nonlawyer cannot represent herself to the extent that she appears in her capacity as trustee for a trust." *Id.* (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) ("Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit in propria persona. The reciprocal relation between the bar and the bench permits an exception only for a person acting personally.").

As this case cannot be maintained without counsel, the undersigned recommends that the Complaint (Doc. 1) be dismissed without prejudice because it was filed pro se by Ms. Nixon. *See Sonlight*, 2023 WL 1331310, at *1 (dismissing complaint that was filed pro se by trustee) (citing *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("[M]otions and pleadings must be filed by counsel.")); *Jones v. Vector Tech. Sys. LLC*, No. CV-23-01564-PHX-DWL, 2024 WL 3045471, at *1 (D. Ariz. June 18, 2024) ("Susan Cohn, as trustee of the Susan Cohn Revocable Trust, must be represented by counsel—she cannot be represented by the Susan Cohn Revocable Trust, as is currently stated on the docket, nor can she be represented by herself as a pro se

litigant.").

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court strike the Complaint (Doc. 1) and dismiss this matter without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 28th day of August, 2025.

Eileen S. Willett
United States Magistrate Judge