# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ministry of Kings and Queens of Moorish National Ministry Trust,<br><br>Plaintiff,<br><br>v.<br><br>Bridgecrest Acceptance Corporation,<br><br>Defendant. | No. CV-25-01819-PHX-SMM-ESW<br><br>**ORDER** |

This matter was assigned to Magistrate Judge Eileen S. Willett. (Doc. 3). On May 27, 2025, Sherri Denienne Nixon ("Ms. Nixon") filed this action pro se on behalf of the Ministry of Kings and Queens of Moorish National Ministry Trust (the "Trust"), claiming authority to proceed as trustee. (Doc. 1.) On July 30, 2025, the Magistrate Judge ordered the Trust to either retain an attorney or otherwise show why this case should not be dismissed. (Doc. 31.) On August 25, 2025, Ms. Nixon responded to the Order to Show Cause. (Doc. 33.) On August 28, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Court strike the Complaint (Doc. 1) and dismiss this matter without prejudice. (Doc. 35). On September 5, 2025, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.[1]

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1)

## I. STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## II. DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge and Plaintiff's Objections, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation. Plaintiff brings claims for declaratory and injunctive relief

---

due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

**IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

**IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

against Bridgecrest Acceptance Corporation related to an alleged vehicle lien dispute. (Doc. 1).

On July 30, 2025, the Magistrate Judge ordered the Trust to either retain an attorney or otherwise show why this case should not be dismissed. (Doc. 31.) On August 25, 2025, Ms. Nixon responded to the Order to Show Cause. (Doc. 33.) In her Response, Ms. Nixon argues that Federal Rule of Civil Procedure 17(a)(1)(E) permits trustees to proceed pro se. Ms. Nixon asserts that as Trustee, she holds "legal title to the property and rights of action belonging to the Trust" and "[a]ccordingly, [is] the real party in interest for the purposes of this litigation, and under Rule 17, [is] authorized to bring suit directly in [her] own name." (Id. at 1.) Ms. Nixon further asserts that she is appearing in her "fiduciary capacity, sui juris, as Trustee, which is a distinct role from attorney representation." (Id.) On August 28, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Court strike the Complaint (Doc. 1) and dismiss this matter without prejudice. (Doc. 35).

Plaintiff makes four objections to the Magistrate Judge's Report and Recommendation: (1) Rule 17(a)(1)(E) permits a trustee to sue in her own name, (2) Plaintiff has independent standing as principal and beneficiary, (3) dismissal is not the appropriate remedy, and (4) equity and access favor allowing this case to proceed. (Doc. 36).

Fed. R. Civ. P. 17(a)(1)(E) allows "a trustee of an express trust" to "sue in their own names without joining the person for whose benefit the action is brought." However, in this case, Ms. Nixon is representing the Trust pro se in her role as the trustee. While as the trustee Ms. Nixon can substitute her name as the Plaintiff in lieu of the Trust, a nonlawyer cannot represent herself to the extent that she appears in her capacity as trustee for a trust. C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 698 (9th Cir. 1987) ("Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit in propria persona. The reciprocal

relation between the bar and the bench permits an exception only for a person acting personally.").

Dismissal is the appropriate remedy because Ms. Nixon has not retained an attorney to represent the Trust, and therefore this case cannot proceed. See Sonlight v. Staskiewicz, No. CV-22-02043-PHX-DWL, 2023 WL 1331310, at *1 (D. Ariz. Jan. 31, 2023) (dismissing complaint that was filed pro se by trustee) (citing D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("[M]otions and pleadings must be filed by counsel.")); Jones v. Vector Tech. Sys. LLC, No. CV-23-01564-PHX-DWL, 2024 WL 3045471, at *1 (D. Ariz. June 18, 2024) ("Susan Cohn, as trustee of the Susan Cohn Revocable Trust, must be represented by counsel—she cannot be represented by the Susan Cohn Revocable Trust, as is currently stated on the docket, nor can she be represented by herself as a pro se litigant.").

Moreover, the Court adopts the Magistrate Judge's and Recommendation and orders that the Complaint (Doc. 1) be dismissed without prejudice because Ms. Nixon filed the case on behalf of the Trust pro se and has not retained an attorney to represent the Trust.

### III.  CONCLUSION

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 35).

**IT IS FURTHER ORDERED striking** the Complaint. (Doc. 1).

**IT IS FURTHER ORDERED dismissing without prejudice** Plaintiff's Complaint. (Doc. 1).

**IT IS FURTHER ORDERED directing** the Clerk of Court to terminate this case. Dated this 24th day of September, 2025.

_____
Stephen M. McNamee
Senior United States District Judge