IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ministry of Kings and Queens of Moorish National Ministry Trust,<br><br>Plaintiff,<br><br>v.<br><br>Bridgecrest Acceptance Corporation,<br><br>Defendant. | No. CV-25-01819-PHX-ESW<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

On May 27, 2025, Sherri Denienne Nixon filed this action pro se on behalf of the Ministry of Kings and Queens of Moorish National Ministry Trust (the "Trust"). On September 25, 2025, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. 35) and dismissed Plaintiff's Complaint without prejudice because Ms. Nixon filed the case on behalf of the Trust pro se and has not retained an attorney to represent the Trust. (Doc. 38.)

Pending before the Court is Ms. Nixon's "Rule 60(b) Motion to Reopen Case Under Plaintiff's Individual Capacity" (Doc. 39). To prevail on a Federal Rule of Civil Procedure 60(b) motion for relief from a final judgment or order, a litigant must show "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances'

which would justify relief." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

In her Rule 60(b) Motion (Doc. 39), Ms. Nixon states that she "now seeks to proceed in her individual capacity, rather than as trustee of the trust." However, the Court's dismissal was not based on mistake, inadvertence, surprise, or excusable neglect. The Court correctly identified that Ms. Nixon, appearing pro se, filed this action in the name of the Trust. A trust is an artificial entity that must be represented by an attorney. Ms. Nixon has failed to show grounds for relief under Rule 60(b)(1)-(5).

Ms. Nixon also has failed to demonstrate any extraordinary circumstances warranting relief under Rule 60(b)(6). Ms. Nixon's Motion (Doc. 39) seeks leave to file an amended complaint that names her the plaintiff. "Relief under Rule 60(b)(6) requires extraordinary circumstances. That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). The United States Supreme Court has "consistently reaffirmed that Rule 60(b)(6) 'should only be applied in 'extraordinary circumstances.'" *Id.* at 212.

Accordingly,

**IT IS RECOMMENDED** that the Court deny Ms. Nixon's "Rule 60(b) Motion to Reopen Case Under Plaintiff's Individual Capacity" (Doc. 39).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 21st day of October, 2025.

_____
Eileen S. Willett
United States Magistrate Judge